ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/05/06
```

TS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIACOMO A. CIOCCA,

        Plaintiff,

-v-                              No. 02 Civ. 5067 (LTS)(HBP)

GREGOR N. NEFF and WHITMAN, BREED,
ABBOTT & MORGAN, LLP,

        Defendants.

OPINION AND ORDER

Before the Court is the motion of Defendants Gregor N. Neff ("Neff") and Whitman, Breed, Abbott & Morgan ("Whitman, Breed") (together, "Defendants") for reconsideration and reargument, pursuant to Southern District Local Civil Rule 6.3, of the Court's Memorandum Opinion and Order dated June 20, 2005. In that order, Defendants' motion for summary judgment was granted as Plaintiff's claims of relief for breach of contract and promissory estoppel, but denied with respect to Plaintiff's claims for legal malpractice and breach of fiduciary duty. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). For the following reasons, Defendants' motion for reconsideration and reargument is denied.

BACKGROUND

Familiarity with the background of the instant case, which is detailed in the Court's June 20, 2005 decision, is presumed. See Ciocca v. Neff, No. 02 Civ. 5067 (LTS) (HBP), 2005 WL 1473819 (S.D.N.Y. June 20, 2005).

Copies faxed counsel of record
Chambers of Judge Swain  10/5/06

DISCUSSION

Reconsideration Standard

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The Second Circuit has held that Rule 59(e) "covers a broad range of motions, including motions for reconsideration." See Assoc. For Retarded Citizens v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995). "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

The standard for determination of a motion to reconsider under Federal Rule of Civil Procedure 59(e) is the same as under Southern District of New York Local Civil Rule 6.3. In re Otal Investments Ltd., No. 03 Civ. 4303(HB), 2006 WL 895212, at *1 (S.D.N.Y. Apr. 7, 2006). Rule 59(e) "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Id. (quoting Anglo American Ins. Group v. Calfed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)). Additionally, "a motion for reconsideration is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (Emphasis and alteration in original, citation and internal quotation marks omitted.) Range Road

Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

Defendants make three arguments in support of their motion for reconsideration and reargument: that the Court overlooked Plaintiff's failure to establish proximate cause in his legal malpractice claim, that the Court overlooked controlling Second Circuit authority concerning the proximate cause standard applicable to breach of fiduciary duty claims, and that the Court overlooked "undisputed facts and the law" with respect to Plaintiff's earlier dismissal with prejudice of his claims in a related action.  The Court has reviewed and considered carefully each of the parties' submissions in connection with this motion.  Defendants have failed to identify controlling decisions or factual matters which, had they been considered, might have reasonably altered the resolution of the summary judgment motion practice.  Their application for reconsideration is accordingly denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration and reargument is denied.

SO ORDERED.

Dated:  New York, New York
        October 5, 2006

LAURA TAYLOR SWAIN
United States District Judge